## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LAVONNE WASHINGTON, et al.,

      Plaintiffs,

v.                                  Case No. 8:26-cv-1006-KKM-LSG

CLERK OF CIRCUIT COURT,
THIRTEENTH JUDICIAL CIRCUIT,
et al.,

      Defendants.

_____

## <u>ORDER</u>

On June 23, 2026, I ordered Plaintiffs LaVonne Washington, Michael Washington, and Angela Washington DeBose to show cause why this action should not be dismissed based on their purported pro se representation of an estate, the *Rooker-Feldman* doctrine, *Younger* abstention, judicial or quasi-judicial immunity, or the naming of a state court as a Section 1983 defendant. *See* Order (Doc. 20). The plaintiffs filed a response, Resp. (Doc. 22), and an emergency motion for an interim stay of the order to show cause, Mot. (Doc. 23). For the following reasons, I deny the motion and dismiss the action.

The plaintiffs request an interim stay of the show cause order because they purportedly "filed an Emergency Application for a Temporary Injunction Pending Appeal pursuant to Supreme Court Rules 22 and 23, and the All Writs

Act, 28 U.S.C. § 1651." Mot. at 1; *see* (Doc. 23-1). Strangely, the plaintiffs' response claims that on June 5, 2026—weeks before the order to show cause was entered—the request for emergency relief was "docketed under USCA11 Case No. 25-10872," an appeal to the Eleventh Circuit from an entirely different district court action. Resp. at 2. In any event, the plaintiffs do not persuade that their request for emergency relief warrants a stay, let alone that one is required. *See FTC v. Primary Grp., Inc.*, 713 F. App'x 805, 808 n.3 (11th Cir. 2017) (per curiam) ("[M]andamus proceedings do not entitle the party seeking mandamus to a stay of the district court proceedings."). The plaintiffs already filed a response to the order, and thus there is no need to "freeze the July 7, 2026 'show cause' deadline." Mot. at 3.

Turning to the merits of the response to the order to show cause, the plaintiffs fail to explain why this action should not be dismissed.

First, I remain unconvinced that Washington and DeBose may represent the estate in a pro se capacity, even as the estate's lone personal co-representatives and beneficiaries. *See Reshard v. Britt*, 839 F.2d 1499, 1499 (11th Cir. 1988) (per curiam) (en banc) (affirming an order disqualifying pro se individuals from representing an estate in a Florida wrongful death action); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (per curiam) (holding that a non-lawyer executor was not permitted to proceed pro se on behalf of an estate). Neither *Reshard* nor *Franklin* expressly provides for

2

the plaintiffs' proposed exception for the appearance of multiple pro se litigant-representatives, even where "there are no third-party or adversarial interests to protect."[1] Resp. at 2.

Second, the plaintiffs do not engage with the application of either the *Rooker-Feldman* doctrine or *Younger* abstention. *See* Order at 4–6. At most, the plaintiffs contend that they "do not seek an appellate review of an isolated judicial ruling on the merits," but rather a remedy "for an independent, systemic, forward-looking deprivation of procedural due process" based on the state court clerk's "refusal to physically docket any emergency motions." Resp. at 3. As explained before, the plaintiffs' complaint alleges that the clerk's "refusal" is based on a series of prefiling injunctions entered against the plaintiffs in multiple state court actions. *See* Order at 4–5. Additionally, even if the clerk's actions were the "product of deliberate backend database manipulation rather than a lawful judicial process," the plaintiffs "are taking direct steps to challenge the Florida Second District Court of Appeal's dismissal . . . by preparing a Notice to Invoke Discretionary Jurisdiction to the Florida Supreme Court to fully exhaust state remedies." Resp. at 3–4. Thus, in

---

[1] Another issue counsels against pro se representation. In the separate action in which LaVonne Washington claims she was permitted to proceed pro se on behalf of the estate*, see Washington v. Primerica Life Ins. Co.*, Case No. 8:25-cv-1123-WFJ-SPF (M.D. Fla. Feb. 24, 2026), Doc. No. 61, Washington represented that she was the estate's "sole assignee and beneficiary," *id.* at Doc. No. 60. Troublingly, the plaintiffs here claim that *both* Washington and DeBose are beneficiaries. *See* Resp. at 1.

addition to *Rooker-Feldman*'s bar on reviewing state court judgments, abstention from ongoing, parallel state proceedings is warranted under *Younger. See Knisley-Desmond, v. Byrd*, No. 8:26-CV-1340-KKM-TGW, 2026 WL 1481593, at *4–5 (M.D. Fla. May 27, 2026).

Finally, the plaintiffs do not address several other bases for dismissal identified in the order to show cause. The plaintiffs offer no reason why their claims for damages against the clerk are not barred by judicial immunity or quasi-judicial immunity. *See* Order at 5. The plaintiffs also do not explain why they should be permitted to seek relief against the Thirteenth Judicial Circuit, which I previously noted "is not a 'person' subject to § 1983 liability." *Id.* at 6 (quoting *Coastal Fam. Church v. Cir. Ct. of the 7th Jud. Cir. in & for Flagler Cnty.*, No. 3:26-CV-652-WWB-LLL, 2026 WL 847591, at *1 (M.D. Fla. Mar. 27, 2026)). And the plaintiffs still "provide no authority for the proposition that 'Florida law and judicial administration standards' require that 'a successor judge . . . be assigned within 5 days' after a recusal." Order at 7 (quoting Am. Compl. (Doc. 21) ¶ 21). Thus, while I dismiss the action under *Rooker-Feldman* and *Younger*, each of the above reasons would separately justify dismissal of the plaintiffs' respective claims.

Ultimately, the plaintiffs have failed to show cause why this action should not be dismissed for the reasons identified in my previous order. Accordingly, the following is **ORDERED**:

1. The Plaintiffs' Emergency Motion for Interim Stay (Doc. 23) is **DENIED**.

2. This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction under *Rooker-Feldman* and based on abstention under *Younger*.

3. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."

4. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 2, 2026.


Kathryn Kimball Mizelle
United States District Judge